UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Civ. File No. _____

David Manderson and Peter Lindahl, as Trustees of the IBEW
Local No. 292 Health Care Plan; Trustees of the Electrical
Workers Local No. 292 Pension Fund; as Trustees of the
Electrical Workers Local No. 292 Defined Contribution Plan;
as Trustees of the Electrical Workers Local No. 292
Vacation & Holiday Fund; Trustees of the Electrical Workers Local No. 292
Supplemental Unemployment Plan; and as Trustees of the Minneapolis
Electrical Industry Board/JATC/LMCC; and each of their successors, and
the Minneapolis Electrical Industry Receiving Agency,

     Plaintiffs,

                                               **COMPLAINT**

vs.

Elliott Contracting Corporation,

     Defendant.

_____

     Plaintiffs, for their Complaint against Defendant Elliott Contracting Corporation, state and allege as follows:

## IDENTITY OF PARTIES, JURISDICTION, VENUE

     1.     Plaintiffs are Trustees of the IBEW Local No. 292 Health Care Plan. The plan is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. §186(c)(5). The plan is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA"), and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

2.      Plaintiffs are Trustees of the Electrical Workers Local No. 292 Pension Fund. The fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of LMRA, 29 U.S.C. §186(c)(5).  The fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code Section 401(a).

3.      Plaintiffs are Trustees of the Electrical Workers Local No. 292 Defined Contribution Plan. The Plan is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of  LMRA, 29 U.S.C. §186(c)(5). The Plan is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code Section 401(a).

4.      Plaintiffs are Trustees of the Electrical Workers Local No. 292 Vacation & Holiday Fund. The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(6) of LMRA, 29 U.S.C. §186(c)(6). The Fund is administered in accordance with the provisions of ERISA.

5.      Plaintiffs are Trustees of the IBEW Local No. 292 Supplemental Unemployment Benefit Plan. The plan is a  multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. §186(c)(5).  The plan is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA"), and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

6.      Plaintiffs are Trustees of the Minneapolis Electrical Industry Board/JATC/LMCC (the Fund). The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and

maintained pursuant to Section 302(c)(6) of   LMRA, 29 U.S.C. §186(c)(6).   The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(3).

7.      Plaintiffs David Manderson and Peter Lindahl, or any subsequently appointed successors, are Trustees of the respective plaintiff Funds (hereinafter "Funds") and fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21).

8.      The Minneapolis Electrical Receiving Agency ("MERA") is a receiving agency established pursuant to agreements with the Funds and the International Brotherhood of Electrical Workers, Local No. 292 and is empowered pursuant to a collective bargaining agreement to take action, including the assertion of legal claims, to collect all amounts owed pursuant to those collective bargaining agreement(s).

9.      Defendant Elliott Contracting Corporation is a registered Minnesota business corporation engaged in the electrical contracting business, with an address of 901 N. 3rd Street, Suite 330, Minneapolis, MN55401. Defendant is registered to do business in the State of Minnesota and at all times relevant to this action, employed individuals in the electrical contracting industry.  At all times relevant to this action, Defendant was an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

10.      This is an action to collect unpaid fringe benefit contributions due per the terms of a collective bargaining agreement and to enforce rights under 1132(a)(3) of ERISA. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by Section 301 of the Labor Management relations Act; 29 U.S.C. § 185.

11.     The employee benefit plans for which Plaintiffs are Trustees are administered in Hennepin County, Minnesota and therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. §1132(e)(2).

## COUNT I
## Audit Amount Due

1.     Plaintiffs restate the facts and allegations set forth in paragraphs 1-9.

2.     Defendant Elliott Contracting Corporation (hereinafter "Defendant") accepted and agreed to be bound to a certain Collective Bargaining Agreement (a/k/a Inside Construction and Maintenance Agreement) between the Minneapolis Chapter, National Electrical Contractors Association, and the International Brotherhood of Electrical Workers, Local Union Number 292, A.F.L.-C.I.O (hereinafter "Inside Agreement"). Defendant remained bound to the Inside Agreement at all times relevant to this action.

3.     As a result of being bound to the Inside Agreement, Defendant is also bound to the Agreements and Declarations of Trust for each Fund for which Plaintiffs are Trustees (hereinafter "the Funds").

4.     The Inside Agreement required Defendant to make contributions to the Funds in accordance with its terms.  These contributions must be made on behalf of all employees covered by the agreement for hours spent performing covered work, in amounts set forth and agreed upon therein, for the purpose of funding employees' benefits.

5.     Defendant is required to compute its contribution owed to the Funds and pay that amount to the agent of the Trustees on or before the 15th day of the month following the month in which work was performed. Defendant is also required to submit to the agent a monthly payroll report on a standard form containing such information about the employees in the bargaining unit as the Trustees may require.  Defendant is also required to pay the amount due for contributions

4

to the Funds on or before the 15th day of the month following the month in which hours were worked by Defendant's employees. Failure to remit the report and/or the payment due constitutes a breach of the Inside Agreement and/or a breach of the Defendant's obligation to remit contributions pursuant to the applicable trust documents.

6.      Defendant breached the terms of the Inside Agreement by failing to timely submit the fringe fund reports and the contributions due and owing pursuant to the payroll or fringe fund reports due for the months of April and May 2018.

7.      Defendant has also breached 29 U.S.C. §1145, ERISA Section 515 by failing to timely remit fringe benefit contributions pursuant to the terms of the agreement for the period referenced in Paragraph 14.

8.      The Inside Agreement provides that upon request by the Trustees, signatory employers are required to produce their payroll and employment records for audit and review to determine compliance with the terms of the agreement.

9.      Plaintiffs requested that Defendant produce the company's employment and payroll records for audit for the period of January 2016 through May 2018.

10.     Defendants produced employment and payroll records for review for the period of January 2016 through May 2018, and Plaintiffs' auditor prepared an invoice based upon the records produced.

11.     Pursuant to the audit, Plaintiffs discovered hours worked by various employees governed by the Inside Agreement for which fringe benefit contribution payments were not made.

12.     The amount of fringe benefit contributions discovered to be owing to the Plaintiffs from the audit for April and May 2018 was $241,305.99.

13.     To date, Plaintiffs have received partial payments toward the audit invoice in the amount of $53,824.78. These payments were not received until July 24, 2018 at the earliest.

14.     The remaining amount due for fringe benefit contributions pursuant to the audit for the period of April 2018 through May 2018 is therefore $187,481.21.

15.     In addition to the fringe benefit contributions due pursuant to the audit, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed at a rate provided in 26 U.S.C. § 6621, plus liquidated damages as provided for in the Inside Agreement.

16.     Pursuant to the Inside Agreement, payroll or fringe fund reports that are not postmarked on or before the 15th day of the following month are delinquent. Liquidated damages in the amount of 5% of the total amount received or $1,000.00, whichever is greater, are due for payments received after the last working day of the month.

17.     Pursuant to the reports submitted by Defendant, and as confirmed by the audit, for the period of April 2018 and May 2018, Defendant owes Plaintiffs liquidated damages in the amount of $12,065.29 (5% of $241,305.99).

18.     ERISA Section 502(g) provides for an award of interest upon any unpaid contributions. The Declarations of Trust for each Fund for which Plaintiffs are Trustees provides that interest may be assessed on unpaid contributions at the rate prescribed by Section 6621 of the Internal Revenue Code. Defendants owe Plaintiffs interest in the amount of $2,975.00 (5% interest per Section 6621 applicable for 90 days through date of filing) for unpaid fringe benefit contributions due in accordance with the Inside Agreement.

19.     The Agreements and Declarations of Trust, under which Plaintiffs are established and to which Defendant is bound, provide that Defendant is liable to Plaintiffs for attorney's fees

and other expenses incurred by the Trustees in the pursuit of enforcing Defendant's obligation to pay fringe benefit contributions. To date, Plaintiffs have incurred $7,235.00 in attorney's fees contractually for costs incurred in connection with enforcing Defendant's payment obligations with contractors, and $5,575.00 in auditing costs in performing the audit. Plaintiffs are entitled to $12,810.00 in attorney's fees and costs incurred in connection with enforcing collection of delinquent contributions. Plaintiffs are entitled to this amount pursuant to ERISA § 502(g)(E) which requires other legal relief, 29 U.S.C. § 1132 when contributions are due and owing.

20.     Defendant is liable for all unpaid contributions, liquidated damages, interest, attorney's fees and costs due in connection with the audit amount due and owing for January 2016 through May 2018.  Currently, the amount due is $187,481.21 for fringe benefit contributions, $12,065.29 in liquidated damages, $2,975.00 in interest, and $12,810.00 for attorney's fees and costs incurred to date. The total amount due is therefore $215,331.00.

## COUNT II

## MINNEAPOLIS ELECTRICAL INDUSTRY RECEIVING AGENCY

1.     Plaintiffs restate the facts and allegations set forth in paragraphs 1-23.

2.     MEIRA is empowered to enforce the requirements of the Inside Agreement on behalf of a number of entities, including the International Brotherhood of Electrical Workers, Local No. 292 ("IBEW Local 292).

3.     Pursuant to the Inside Agreement, and as reviewed and confirmed by the above-referenced audit, Defendant has failed to remit wages to members of IBEW Local 292 who performed work for the company in April and May 2018 in the amount of $101,391.56 (grossed up).

4.      These employees have assigned their rights to IBEW Local 292 to collect wages and enforce their legal rights on their behalf.  MEIRA, as an entity empowered to pursue legal action for amounts owed under the Inside Agreement, asserts a claim for unpaid wages under the contract and in accordance with Minn. Stat. §181.

5.      To date, IBEW Local 292 has received partial payments for wages owed by Defendant for which Defendant is entitled to a credit.

6.      The amount currently due and owing by Defendant to IBEW Local 292 for wages owed for members who worked for Defendant in April and May 2018 is $81,111.10.

7.      Defendant is liable to MEIRA as receiving agent for the union for these unpaid wages and corresponding penalties pursuant to the Inside Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant Elliott Contracting Corporation as follows:

1.      For an order entering judgment against Defendant in favor of the Funds in the amount of $187,481.21 for fringe benefit contributions due and owing for the period of May 2016 through May 2018 pursuant to the audit;

2.      For an order entering judgment against Defendant and in favor of the Funds in the amount of $12,065.29 for liquidated damages due as a result of Defendant's failure to timely submit fringe benefit contributions;

3.      For an order entering judgment against Defendant and in favor of the Funds in the amount of $2,975.00 for interest accrued on the unpaid contributions due as a result of the audit;

4.      For an order entering judgment against Defendant and in favor of the Funds in the amount of $12,065.29 for attorney's fees and costs owed pursuant to the Declarations of Trust;

5.      For an order entering judgment against Defendant and in favor of MERA as receiving agent for all unpaid wages in the amount of $81,111.10.

6.      For an award of costs, disbursements and attorney fees according to law or in accordance with 29 U.S.C. §1132(g);

7.      For such other and future relief as the Court deems proper.

Respectfully submitted,

Date:  August 31, 2018          **KUTAK ROCK, LLP**

By: *s/Amanda R. Cefalu*
    Amanda R. Cefalu (#309436)
    60 South 6th Street, Suite 3400
    Minneapolis, MN 55402
    Telephone:  (612) 334-5000
    Email:  Amanda.Cefalu@kutakrock.com

    *Attorneys for Plaintiffs*

4814-9217-1377.2