# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| David Manderson and Peter Lindahl, as Trustees of the IBEW Local No. 292 Health Care Plan; Trustees of the Electrical Workers Local No. 292 Pension Fund; as Trustees of the Electrical Workers Local No. 292 Defined Contribution Plan; as Trustees of the Electrical Workers Local No. 292 Vacation & Holiday Fund; Trustees of the Electrical Workers Local No. 292 Supplemental Unemployment Plan; and as Trustees of the Minneapolis Electrical Industry Board/JATC/LMCC; and each of their successors, and the Minneapolis Electrical Industry Receiving Agency,<br><br>          Plaintiffs,<br>v.<br><br>Elliott Contracting Corporation,<br><br>          Defendant. | Civil No. 18-2563 (DWF/TNL)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**FINDINGS OF FACT,<br>CONCLUSIONS OF LAW,<br>AND ORDER FOR ENTRY OF<br>JUDGMENT** |

This matter was heard before the undersigned District Court Judge on March 29, 2019. Amanda R. Cefalu of Kutak Rock, LLP appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on August 31, 2018. Defendant was personally served with the Summons and Complaint in this matter on September 13, 2018. (Doc. Nos. 1, 3.)

2. Plaintiffs David Manderson and Peter Lindahl, and any subsequently appointed successors, are Trustees of the IBEW Local No. 292 Health Care Plan, the Electrical Workers Local No. 292 Pension Fund, the Electrical Workers Local No. 292 Defined Contribution Plan, the Electrical Workers Local No. 292 Vacation & Holiday Fund, the Electrical Workers Local No. 292 Supplemental Unemployment Plan and the Minneapolis Electrical Industry Board/JATC/LMCC (collectively "the IBEW Local 292 Fringe Benefit Funds" or "Funds").

3. The Plaintiff Funds are trustees and fiduciaries of the above-referenced funds (the "Funds"). The Funds are joint fringe benefit trust funds which are multi-employer plans as defined by 29 U.S.C. section 1002(37) established to provide pension, health and welfare, vacation benefits and training to employees performing covered work. The fringe benefit plans for which Plaintiffs are Trustees are maintained by the Union and employers for the benefit of workers pursuant to a Collective Bargaining Agreement.

4. Plaintiff the Minneapolis Electrical Industry Receiving Agency ("MEIRA") is a receiving agency established pursuant to an agreement with the Funds and the IBEW Local 292 and empowered pursuant to a labor agreement to take action to collect all amounts owed pursuant to that labor agreement.

5. At all times material herein, Defendant, through its execution of a Letter of Assent was bound by a certain Collective Bargaining Agreement (a/k/a Inside Agreement) between the Minneapolis Chapter, National Electrical Contractors

Association, and the International Brotherhood of Electrical Workers, Local Union Number 292, A.F.L.-C.I.O.

6. The Inside Agreement requires employers such as Defendant to make contributions to the Funds in accordance with their terms. These contributions must be made on behalf of all employees covered by the Inside Agreement, in amounts set forth and agreed upon therein, for the purpose of funding employees' benefits.

7. Defendant, per the Inside Agreement, is required to compute its contribution obligation and pay it to the agent of the Trustees on or before the 15th day of the month following the month for which the contribution is being made.

8. Defendant is also required to submit to the agent a monthly payroll report on a standard form containing such information about the employees in the bargaining unit as the Trustees may require.

9. At the time the Complaint was filed in this action, Defendant had breached the Inside Agreement by failing to timely submit the fringe fund reports and the contributions due and owing pursuant to the Funds for hours worked during the months of April and May 2018.

10. The Plaintiff Funds requested that Defendant submit employment and payroll records for audit and review for the period of January 2016 through May 2018 for audit and review to ensure compliance with the Inside Agreement.

11. Defendant complied and an audit was performed for this period.

12. At the time the Complaint was filed, and according to the audit performed by Plaintiffs, Defendant owed the IBEW Local 292 Fringe Benefit Funds $241,305.99 in fringe benefits contributions for the audit period of January 2016 through May 2018.

13. Since the Complaint was filed, the Funds have received and accepted partial payments toward the audit invoice. The total amount due currently for the audit period of January 2016 through May 2018 is $24,707.83.

14. Pursuant to the Inside Agreement, an employer is considered "delinquent" if contributions are not submitted on or before the 15th day of the month following the month in which work was performed. Liquidated damages in the amount of 1% of the total amount received, or $200, whichever is greater, are due for those payments received after the 20th day of the month and through the last working day of the month. Liquidated damages in the amount of 5% of the total amount received, or $1,000, whichever is greater, are due for payments received after the last working day of the month.

15. Pursuant to the Inside Agreement, Defendant owes Plaintiff Funds $12,065.29 in liquidated damages (5% of $241,305.99).

16. The Declarations of Trust establishing the fringe benefit plans for which Plaintiffs are Trustees provide that the Funds are entitled to interest on unpaid contributions at the rate prescribed by Section 6621 of the Internal Revenue Code. Plaintiffs are entitled to $2,975 in interest for the amounts found to be due and owing pursuant to the audit.

17. Pursuant to the Inside Agreement, and as reviewed and confirmed by the above-referenced audit, Defendant has also failed to remit wages to members of IBEW Local 292 who performed work for the company in April and May 2018 in the amount of $101,391.56 (grossed up). These employees assigned their rights to IBEW Local 292 to collect wages and enforce their legal rights on their behalf.

18. MEIRA, as an entity empowered to pursue legal action for amounts owed under the Inside Agreement, asserted a claim for unpaid wages under the contract and in accordance with Minn. Stat. §181.

19. At the time the Complaint was filed, Defendant owed IBEW Local 292 members' wages in the amount of $81,111.10.

20. To date, IBEW Local 292 has received partial payments for wages owed by Defendant for which Defendant is entitled to a credit. The amount currently due and owing by Defendant to IBEW Local 292 for wages owed for members who worked for Defendant in April and May 2018 is $11,854.92.

21. In addition, ERISA and the Inside Agreement provide that a delinquent employer shall also be required to pay all costs of collection actually incurred by the Funds, including all attorney fees, services fees, filing fees, court reporter fees, and all other fees, costs and disbursements incurred by or on behalf of the Funds in determining, assessing, and collecting the amount due. Plaintiffs have incurred reasonable attorney fees and costs in the amount of $9,855.30.

## CONCLUSIONS OF LAW

1. Defendant is in default and Plaintiffs are entitled to a default judgment.

2. Defendant is liable to the Plaintiff Funds $24,707.83 for delinquent contributions for hours worked during the audit period of January 2016 through May 2018.

3. Defendant is liable to Plaintiff Funds in the amount of $12,065.29 for liquidated damages for the audit period.

4. Defendant is liable to Plaintiff Funds $2,975.00 for interest on the unpaid contributions for the audit period.

5. Plaintiff Funds are awarded $9,855.30 for reasonable attorney fees and costs and Defendant is liable to Plaintiff Funds in the total amount of $49,603.42.

6. Defendant is liable to Plaintiff MEIRA for wages owed in the amount of $11,854.92.

**ORDER**

1. That Plaintiffs' Motion for Entry of Default Judgment (Doc. No. [11]) is **GRANTED**.

2. That judgment in the amount of $49,603.42 shall be entered against Defendant and in favor of Plaintiffs Trustees of the IBEW Local No. 292 Health Care Plan, the Electrical Workers Local No. 292 Pension Fund, the Electrical Workers Local No. 292 Defined Contribution Plan, the Electrical Workers Local No. 292 Vacation & Holiday Fund, the Electrical Workers Local No. 292 Supplemental Unemployment Plan and the Minneapolis Electrical Industry Board/JATC/LMCC for fringe benefit contributions, liquidated damages, interest, and reasonable attorney fees and costs.

3. That judgment in the amount of $11,854.92 shall be entered against Defendant and in favor of Plaintiff Minneapolis Electrical Industry Receiving Agency.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 1, 2019
s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge